10 F.3d 805
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Alfred Lawrence HUNNEWELL, Defendant, Appellant.
 No. 93-1551.
 United States Court of Appeals, First Circuit.
 Nov. 24, 1993.
 
 Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.
 
 
 1
 Per curiam. Defendant-appellant Alfred Lawrence Hunnewell pled guilty to a charge of possession with intent to distribute marijuana, and distribution of it, within 1,000 feet of a secondary school, see 21 U.S.C. Secs. 841(a)(1), 860, and a charge of possessing cocaine with intent to distribute, and distribution of it, see 21 U.S.C. Sec. 841(a)(1). The district court sentenced appellant under the federal sentencing guidelines as a career offender.[1] Hunnewell challenges his sentence, claiming that he was improperly classified as a career offender.
 
 I. BACKGROUND
 
 2
 At sentencing, the government described four offenses as predicate offenses for career of fender status:[2]
 
 
 3
 1. A robbery occurring on September 18, 1978, in which Hunnewell and a man named Haskell physically attacked a male in Deering Oaks Park, Portland, Maine, and stole the victim's wallet. Hunnewell pled guilty to this offense on February 2, 1979 and was sentenced in state court to a three year prison term, all but thirteen months of which were suspended.
 
 
 4
 2. A robbery occurring on September 19, 1978, in which Hunnewell and Haskell. physically attacked and stole money from a different male in the same venue. A jury found appellant guilty. He was sentenced in state court on January 16, 1979 to a three year prison term, all but fourteen months of which were suspended.
 
 
 5
 3. A state court conviction for unlawfully a scheduled drug. On April 8, 1982, Hunnewell was sentenced in state court for this offense to twenty-seven months imprisonment.
 
 
 6
 4. Two counts of unlawfully trafficking in a scheduled drug, consolidated for trial and sentencing in state court. On April 15, 1987, Hunnewell was sentenced to two years imprisonment, all but six months of which were suspended.
 
 
 7
 In response, Hunnewell argued that the two drug convictions could not properly 'oe counted as predicate offenses for career offender status. Although he did not dispute that the career offender guidelines list state drug convictions among the crimes that can be used to determine career offender status,[3] appellant asserted that the Sentencing Commission illegally exceeded its statutory mandate when it designated state drug convictions as predicate offenses.
 
 
 8
 Moreover, in appellant's view, the robbery cases are related cases for sentencing purposes within the meaning of U.S.S.G. Sec. 4A1.2. In particular, Hunnewell argues that the two robberies were part of common scheme or plan "to run homosexuals out of Deering Oaks Park in Portland" (the scene of both robberies), and to rob them in the process.[4] Thus, appellant says, they should only count as a single predicate offense. See Sec. 4A1.2, comment. (n.3) (stating that "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing").
 
 
 9
 The district court found that the two robbery offenses were not part of a common scheme or plan and, thus, were two separate predicate offenses for purposes of the career offender guidelines. The court premised career offender status on these two robbery offenses and did not address the state drug convictions.
 
 II. DISCUSSION
 
 10
 U.S.S.G. Sec. 4B1.1 provides that a defendant is a career offender if three conditions are met. United States v. Elwell, 984 F.2d 1289, 1294 (1st Cir.), cert. denied, 113 S. Ct. 2429 (1993). First, the defendant must be at least eighteen years old at the time of the instant offense. Id. Second, the instant offense must be a felony that is either a crime of violence or a controlled substance offense. Id. Third, the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. Id. On appeal, Hunnewell does not dispute that the first two conditions for career offender status are met. The sole issue is whether the third condition has been satisfied.
 
 
 11
 With respect to the two state drug convictions, appellant reiterates his argument below that the Sentencing Commission had no authority to write the career offender guidelines to include convictions under state drug laws as predicate offenses. Appellant contends that the enabling statute, 28 U.S.C. Sec. 994(h), allows only drug convictions obtained under the federal statutes it enumerates to count as predicate offenses for career offender status.[5] The Third Circuit repudiated precisely the same argument in United States v. Whyte, 892 F.2d 1170, 1174 (3d Cir.1989), cert. denied, 494 U.S. 1070 (1990). We have previously adopted the rationale of the Whyte court, see United States v. Dyer, No. 93-1045, slip op. at 2 (1st Cir. June 18, 1993) (per curiam), and we reject appellant's argument on the authority of Dyer. Accordingly, the two state drug convictions are predicate offenses for career offender status.
 
 
 12
 We need go no further. Since career offender status requires proof of only two prior convictions for predicate offenses, it would be pointless to consider whether the trial court erred in its determination that the robberies are unrelated offenses. Consequently, the judgment below is affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 After finding that appellant qualified under the career offender guideline, the district court established the guideline sentencing range at 188-235 months (adjusted offense level--31; criminal history category-IV) and imposed a sentence at the bottom end of the sentencing range
 
 
 [2]
 On appeal, the government argues that a fifth conviction is a qualifying predicate offense. we need not address this argument
 
 
 [3]
 The career offender guidelines provide in relevant part:
 A defendant is a career offender if ... (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 U.S.S.G. Sec. 4B1.1 (Nov.1992).
 The term "controlled substance offense" means an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense.
 U.S.S.G. Sec. 4B1.2 (Nov.1992).
 
 
 [4]
 In the court below, appellant also argued that the cases were consolidated. The district court determined on the facts that this was not so, and appellant does not renew that argument here
 
 
 [5]
 The statute provides in pertinent part:
 The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized [by statute] for categories of defendants in which the defendant ... (2) has previously been convicted of two or more prior felonies, each of which is (A) a crime of violence; or (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).
 28 U.S.C. Sec. 994(h).